NO. 07-03-0080-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 28, 2003


______________________________



RICKY D. STARKS
,




 Appellant


v.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,898-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Ricky D. Starks, proceeding pro se, filed a notice of appeal from the trial
court's order dismissing his lawsuit dated November 25, 2002. The clerk's record has
been filed. Appellant's brief was originally due April 24, 2003, which date came and went
without a brief or extension being filed. The Court notified appellant on May 6, 2003, that
the brief was past due and that failure to reasonably explain the reasons therefor by May
16, 2003, could result in dismissal. That deadline has passed without appellant filing a
brief, a motion to extend the deadline, or a response of any sort. 

 Accordingly, we dismiss the appeal for want of prosecution. See Tex. R. App. P.
38.8(a)(1) and 42.3(b) and (c).


 Per Curiam 


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



suant to
Rule 35.3(b)(3), we direct appellant's counsel to pay or make arrangements to pay for the 
preparation of the entire reporter's record on or before Thursday, September 25, 2003, and
notify this Court in writing of his compliance. We also direct Court Reporter Iva F. Hill-Morris to prepare the remainder of the reporter's record and file it as a supplemental
reporter's record in this Court within 30 days from the date appellant makes satisfactory
arrangements to pay for the record. 

 Should appellant's counsel fail to comply with our directive, we will proceed as if
volume one of the reporter's record is a partial reporter's record and apply the presumption
in Rule 34.6(c)(4) even though appellant presents an issue complaining of the sufficiency
of the evidence.

 It is so ordered.

 Per Curiam

Do not publish.